SEAN K. KENNEDY (SB #145632)
CHRISTOPHER HAWTHORNE (SB # 210578)
JORDAN VELOSA (CLS # 00946755)
Email: sean.kennedy@lls.edu
Center for Juvenile Law and Policy
Loyola Law School
919 Albany Street
Los Angeles, CA 90015
Telephone: (213) 736-8302

Attorney for Petitioner
ADRIAN BERUMEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN BERUMEN,<br><br>    Petitioner,<br><br>v.<br><br>R. ARIAS, Warden, California State Prison at Calipatria,<br><br>    Respondent. | NO. CV 24-01234-MCS (BFM)<br><br>**PETITIONER'S NOTICE OF MOTION AND MOTION FOR A STAY AND ABEYANCE OF FEDERAL PROCEEDINGS PENDING EXHAUSTION OF CLAIMS IN STATE COURT; DECLARATION OF COUNSEL; PROPOSED ORDER**<br><br>Honorable Brianna Fuller Mircheff<br>United States Magistrate Judge |

NOTICE IS HEREBY GIVEN that Petitioner Adrian Berumen hereby moves to stay and abbey this federal proceeding so that the state court has an opportunity to litigate his unexhausted claim.

Berumen's motion to stay is based on *Rhines v. Weber*, 544 U.S. 269 (2005), and this Court's inherent authority, on the grounds that the issuance of a stay is within this Court's discretion, is necessary to protect Berumen's interests in obtaining federal review of all of his constitutional claims, serves the interests of judicial economy, comity and federalism, and would not prejudice the Warden. This Motion is based upon the attached memorandum, all files and records in this case, and any further evidence and argument as may be presented before a hearing on the motion.

Counsel for Responded declined to take a position on this motion until it had an opportunity to read it.

Respectfully submitted,

DATED: November 22, 2024

/s/ *Sean K. Kennedy*
SEAN K. KENNEDY

Counsel for Petitioner
ADRIAN BERUMEN

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

Mr. Berumen requests that this Court stay and abey these federal proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) to allow the state court an opportunity to resolve his claims. The state petition will present one claim that is contained in Mr. Berumen's pending federal habeas petition, but that this Court determined has not yet been exhausted in state court, because he believed it had already been properly raised. Once the California Supreme Court rules on Mr. Berumen's pending petition, and assuming it denies it, all the claims in Mr. Berumen's federal petition will be exhausted and this action may proceed. A stay and abeyance is appropriate because Mr. Berumen has good cause for not previously exhausting his new claim, the claim is potentially meritorious, and Mr. Berumen has not engaged in any intentionally dilatory litigation tactics.

## II.
## PROCEDURAL HISTORY

Mr. Berumen filed his initial petition for a writ of habeas corpus in this action on February 14, 2024. (Docket No. 1.) That petition asserted four claims: (1) that Mr. Berumen's transfer hearing counsel's indictment created an actual conflict of interest that affected his representation of Mr. Berumen; (2) Mr. Berumen's waiver of his right to conflict free counsel was invalid; (3) Mr. Berumen's counsel committed multiple errors before and during the transfer hearing, amounting to ineffective assistance; and (4) the juvenile court's refusal to provide a transcript of Mr. Berumen's transfer hearing violated his right to Due Process and Equal Protection. (*Id.*)

On February 20, 2024, Magistrate Judge Brianna F. Mircheff ordered Respondent to respond to Mr. Berumen's petition. (Docket No. 5.) After four extensions were granted, Respondent filed a motion to dismiss the petition on June 16, 2024. (Docket No. 18.) On July 23, 2024, Berumen filed an opposition to Respondent's motion to dismiss. (Docket No. 20.) On July 31, 2024, Respondent filed a reply to Berumen's opposition. (Docket No. 23.) On October 1, 2024, Magistrate Judge Mircheff filed a report and recommendation, which Judge Mark Scarsi adopted on October 23, 2024. (Docket Nos. 26-27.) In that report, Mr. Berumen is ordered to "either dismiss Ground Four or file a proper motion for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005)." (Docket No. 26.)

## III.
## STANDARD FOR OBTAINING A STAY AND ABEYANCE UNDER *RHINES V. WEBER*

In *Rhines*, the Supreme Court affirmed the authority of district courts to stay, rather than dismiss, habeas petitions containing both exhausted and unexhausted claims in cases governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Before AEDPA was passed, district courts typically dismissed such "mixed" petitions and allowed petitioners to refile their federal petitions once they complied with the total exhaustion requirement imposed by *Rose v. Lundy*, 455 U.S. 509 (1982). However, AEDPA imposed a strict one-year statute of limitations on federal habeas petitions where previously there had been none, leaving little, if any, time for petitioners to complete the state court exhaustion process before returning to federal court to refile their federal petition. *See Rhines*, 544 U.S. at 274. "As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275.

To solve this problem, the Supreme Court in *Rhines* endorsed a "stay and abey" procedure that allows the district court to hold the habeas action in abeyance, rather than dismissing it, while the petitioner presents his previously unexhausted claims to state court. 544 U.S. at 275. Once the petitioner's state remedies have been exhausted, the district court lifts the stay and federal habeas action resumes. *Id.* at 276. This procedure preserves the inherent and long-standing authority of district courts to issue stays, while at the same time complying with the purposes of the AEDPA. *Id.* at 276 (*citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997).)

In deciding whether a stay is warranted under *Rhines*, district courts should consider whether the petitioner has good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether he has engaged in any intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 278. Where the petitioner has good cause and potentially meritorious claims, and has not intentionally delayed pursuing relief, the Supreme Court has indicated it likely would be an abuse of discretion for a district court to deny a stay. *Id.*

## IV.
## MR. BERUMEN SATISFIES ALL THE REQUIREMENTS FOR A *RHINES* STAY.

A *Rhines* stay is appropriate here because Mr. Berumen has good cause for not previously exhausting his new claims, the claims are potentially meritorious, and there is no indication that Mr. Berumen has engaged in dilatory litigation tactics.

### A. Mr. Berumen Has Good Cause for Not Previously Exhausting his New Claim.

"Good cause does not require a showing of 'extraordinary circumstances.'" *Blake v. Baker*, 745 F.3d 977, 981 (9th Cir. 2014) (quoting *Jackson v. Roe*, 425 F.3d

654 (9th Cir. 2005).)  "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."  *Id.* at 982.  Importantly, "[t]he good cause element is the *equitable* component of the *Rhines* test."  *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) (emphasis added)

      Berumen reasonably believed that he did raise this claim in his state habeas petition.  A "petitioner's reasonable confusion . . . will ordinarily constitute 'good cause' for him to file in federal court."  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).  Section 2254(c) requires "only that [petitioners] give state courts a *fair* opportunity to act on their claims."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (emphasis in original). It is, at the very least, reasonable for Berumen to have believed he fairly presented the claim, even if this Court ultimately concluded that Berumen failed to exhaust the claim.

      Fair presentation for the purposes of exhausting state remedies requires that petitioners "include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."  *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  Berumen did both of those things in his petition before the California Supreme Court.  While not raised as a standalone claim, Berumen's state habeas petition included all the operative facts that make up the claim at issue—explaining that the judge denied counsel's request for a transcript, incorrectly advising him to take the matter up with the adult court judge, who lacked the authority to order transcripts from confidential juvenile court proceedings. (State Hab. Pet. at 18.) Berumen argued that it would be "fundamentally unfair" to deny habeas relief based on untimeliness "when the very reason for the delay in filing was the juvenile court's improper refusal to provide a free transcript." (*Id.* at 8-9.)  Additionally, he pointed out that "[a] judge is required to give a minor and his parents a transcript of the transfer hearing. . . . The

5

Juvenile Court judge in this case did [not]." (Memorandum of P & A in Support of State Hab. Pet. at 7.)

Berumen believed that he effectively referenced a specific constitutional guarantee when he argued that it would be *fundamentally unfair* to deny habeas based on the juvenile court's improper refusal to provide a transcript. The Supreme Court has long held that Due Process guarantees that a defendant will be treated with "that fundamental fairness essential to the very concept of justice." *Lisenba v. People of the State of California*, 314 U.S. 219, 236 (1941). By framing the issue in terms of fundamental fairness, Berumen believed he raised a Due Process claim.

Because Mr. Berumen has presented evidence that he reasonably believed this claim was raised and exhausted, even if found ultimately incorrect after briefing and a decision by this Court, he has shown good cause under *Rhines* for his failure to exhaust those claims previously. *Blake*, 745 F.3d 977 (9th Cir. 2014).

### B. Mr. Berumen's Claim is Potentially Meritorious.

*Rhines's* "potentially meritorious" standard is satisfied where the unexhausted claim to be presented to state court "is not clearly meritless." *Gonzalez v. Wong,* 667 F.3d 965 (9th Cir. 2011). *See also Rhines*, 544 U.S. at 277 (analogizing the showing needed to state a "potentially meritorious" claim to the standard for denying relief on the merits of an unexhausted claim under 28 U.S.C. § 2254(b)(2)); *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (interpreting section 2254(b)(2) to permit merits denials of unexhausted claims if "it is perfectly clear that the petitioner has no hope of prevailing" on the claim.) A claim only fails to satisfy *Rhines*'s potential merit standard when "it is perfectly clear that the petitioner has no chance of obtaining relief." *Cassett*, 406 F.3d at 624.

"In determining whether unexhausted claims are 'potentially meritorious,' a court does not weigh or even consider the evidence in the case." *Cueto v. McNeil*,

2010 WL 1258065 *16 (S.D. Fla. 2010); *see also Nance v. Norris*, 429 F.3d 809, 810 (8th Cir. 2005) (finding potential merit under *Rhines* where the petitioner presented an affidavit that "*tend[ed]* to show his claims . . . *may* have merit.") (emphasis added); *Warren v. Hedgpeth*, 2008 WL 4104519 *1 (N.D. Cal., Sept. 4, 2008) (granting a *Rhines* stay, in part, where the petitioner "provided enough facts" to allege an unexhausted claim and finding the claim potentially meritorious based on the petitioner's representations); *Kuzyk v. Edwards*, 2008 WL 4975877, at *4 (C.D. Cal., Nov. 20, 2008) (granting a *Rhines* stay and finding claims potentially meritorious, without any analysis of the claims' merits, where the claims "appear[ed] colorable."); *Rhines v. Weber*, 408 F. Supp. 2d 844, 851 (D.S.D. 2005) (concluding that the petitioner, *Rhines*, had shown a potentially meritorious claim because *"[i]f Rhines can prove his allegations*, a court could find that his counsel's performance fell below the objective standard for reasonableness and that he was prejudiced as a result.") Mr. Berumen's claim clearly satisfy this minimal showing of potential merit.

     His currently unexhausted claim 4 alleges that his rights to Due Process and Equal Protection were violated when the juvenile court refused to provide a transcript from his transfer hearing, which documented several instances of egregious ineffective assistance of counsel. At the conclusion of the 2018 transfer hearing, Berumen's counsel requested a transcript; the court declined, and said that the transcript "should be dealt with in adult court." (Docket No. 1 at 26.) Importantly, California law requires juvenile courts to provide transcripts upon counsel's request, while the adult court had no authority to order the production of confidential juvenile transcripts. Cal. Welf. & Inst. Code § 677.

     At the time of the juvenile court's initial refusal, the transcript was essential to any effort to seek appellate review of the court's transfer decision, an effort that Berumen wanted to pursue. Later, the transcript was equally vital to Berumen's

1  efforts to win relief on habeas corpus in state court.  Still, the state denied
2  Berumen, an indigent defendant, a transcript of his transfer hearing until his
3  attorney paid out of pocket to have one provided more than three years later.  By
4  that time, the window in which Berumen could seek direct appellate review of the
5  juvenile court's decision had long expired, and his efforts at collateral relief fell
6  afoul of California's timeliness requirements.  (Docket No. 1 at 27-28.)  These
7  allegations state at least a potentially meritorious claim.

**C.  Mr. Berumen Has Not Engaged in Intentionally Dilatory Litigation Conduct.**

Nor has Mr. Berumen exhibited any intentionally dilatory litigation conduct.  In the view of at least three justices in *Rhines*, this factor is perhaps the most important consideration bearing on the propriety of a stay.  Justice Souter stated, in concurrence, that instead of conditioning the availability of a stay on good cause, he would "wait for the alarm to sound when there is some indication that the petitioner is gaming the system."  *Rhines*, 544 U.S. at 279 (Souter, J., Ginsburg, J., Breyer, J., concurring in part and concurring in the judgment).

Mr. Berumen has not shown any dilatory conduct here.  He diligently filed his petition in this case within one year of the California Supreme Court's denial of his state petition pursuant to 21 U.S.C. § 2241(d).  Although Mr. Berumen and Respondent differ as to their calculations of the AEDPA deadline, the Report and Recommendation of Magistrate Judge Mircheff, which was adopted by Judge Scarsi, makes it clear that Berumen qualifies for statutory tolling.  (Docket No. 26, at 6-11; Docket No. 27.)  More specifically, his petition, which was filed before he was sentenced, was pending before the California Supreme Court; thus, the one-year period would have expired on April 13, 2024, two months after Berumen filed his petition.  (*Id.*)  Moreover, because the claim at issue is one that Berumen believed was already exhausted, he had no intention of returning to state court.  He

is now filing this *Rhines* motion in accordance with the timetable set forth in this Court's order dated October 23, 2024. (Docket No. 27, at 2 (directing Mr. Berumen to file any motion for a stay within thirty days of the date of the order.).)

### D. The Stay Berumen Seeks Has Reasonable Time Limits.

Even when a stay is appropriate under *Rhines*, district courts are advised to "place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278 (citing with approval *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001) (requiring the petitioner to return to federal court thirty days after exhaustion is complete.)). Here, Berumen requests a stay with the condition that he file his exhaustion petition within thirty days of this Court's order staying the case. Berumen is amenable to apprising this Court of the status of the exhaustion proceedings through the filing of status reports or through whatever method this Court deems appropriate. This Court may order Berumen to notify the Court immediately upon the conclusion of state proceedings.

### E. This Court Has the Inherent Authority to Stay the Federal Habeas Action Independent of *Rhines*.

This Court has the discretion, separate and apart from *Rhines*, to stay Berumen's federal habeas action pending the resolution of his state habeas case. *King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009). "District courts do ordinarily have the authority to issue stays . . . where such a stay would be a proper exercise of discretion." *Rhines*, 544 U.S. at 276; *see also Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed 153 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Arkadelphia Milling Co. v. St. Louis Southwestern Ry. Co.*, 249 U.S. 134, 146, 39 S. Ct. 237, 63 L. Ed. 517 (1919) (power to stay proceedings is "inherent in every court" retaining jurisdiction over an action).

Granting a stay of the federal habeas action accommodates other interests commonly considered by courts in evaluating stay requests. These concerns are (1) judicial economy, (2) comity and federalism, (3) the prejudice to the parties, and (4) whether the moving party seeks a stay in order to delay or abuse the habeas process. *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 987–88 nn. 8, 11 (9th Cir. 1998); *Fetterly v. Paskett*, 997 F.2d 1295, 1301–02 (9th Cir. 1993). Here, Berumen satisfies all three factors.

### 1. **Judicial Economy**

In the interest of judicial economy, and in avoiding piecemeal litigation, this Court should stay federal action until the state court resolves Berumen's pending state petition. A stay will serve judicial economy interests whether or not the state court grants relief. The state court could grant Berumen relief on his unexhausted claim. If so, further federal proceedings become unnecessary. Alternatively, if the state court denies relief to Berumen, a stay granted by this Court would avoid duplication of effort and proliferation of motion hearings necessitated by piecemeal litigation. In either case, this Court best serves its interest in judicial economy by granting Berumen's request for a stay of the federal habeas proceeding. *Taylor*, 134 F.3d at 987–88 & nn. 8, 11.

### 2. **Comity and Federalism**

Considerations of comity and federalism also favor granting a stay. The exhaustion doctrine, requiring state prisoners to present their federal constitutional claims to state courts before presenting them to federal courts, promotes both comity and federalism. By allowing the state court the opportunity to correct state court errors, federal courts minimize their intrusion into and disruption of state proceedings. *Nino v. Galaza*, 183 F.3d 1003, 1007 (9th Cir. 1999).

|   |   |
|---|---|
| 1 | **3.**     **Denial of A Stay Would Cause Undue Prejudice to Petitioner, but** |
| 2 |              **a Stay Would Not Prejudice Respondent.** |

If the Court were to deny Berumen's stay motion, the prejudice to him would vastly outweigh any possible prejudice to Respondent. If a stay is not entered, judgment denying Berumen's federal petition could become final prior to his claim being exhausted. Berumen would then be relegated to filing a second or successive petition on his extrinsic evidence claim. The "extremely stringent" rules governing successive habeas claims make it unlikely that Berumen would ever receive review on any of the unexhausted claims in a successive federal petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997). Accordingly, Berumen may be denied all opportunity to receive federal habeas review of his newly discovered claim. Conversely, granting a stay would result in no prejudice to Respondent. Indeed, the same benefits of judicial economy would inure to both parties—the avoidance of a duplication of effort and the proliferation of pleadings.

**4.     Berumen Seeks a Stay in Good Faith.**

Berumen seeks a stay of the federal habeas proceeding in order to fairly present a claim to the state court. Berumen has brought this motion not to stall the habeas process, but rather to obtain review on the merits of his federal constitutional claim by seeking to litigate all his claims in a single federal habeas petition after complying with exhaustion requirements. *Fetterly*, 997 F.2d at 1301–02.

///
///
///
///
///
///
///

# V.
# **CONCLUSION**

For the foregoing reasons, Mr. Berumen respectfully requests that the Court grant a stay and abeyance of this action so that he may finish exhausting his unexhausted claim in state court.

.

                                                    Respectfully submitted,

DATED: November 22, 2024            */s/ Sean K. Kennedy*
                                                    SEAN K. KENNEDY

                                                    Counsel for Petitioner
                                                    ADRIAN BERUMEN

# DECLARATION OF CHRISTOPHER HAWTHORNE

I, Christopher Hawthorne, hereby state and declare as follows:

1. I am an attorney at the Center for Juvenile Law and Policy and I represent Petitioner Adrian Berumen in this matter.

2. On November 20, 2024, I contacted counsel for Respondent, Kenneth Byrne, and asked whether he had any objection to Mr. Berumen's motion to file an amended federal habeas corpus petition. Mr. Byrne's address is:

> Kenneth C. Byrne
> CAAG Office of the Attorney General
> California Department of Justice
> 300 South Spring Street, Suite 1702
> Los Angeles, CA 90013
> (213) 269-6000
> kenneth.byrne@doj.ca.gov

On November 21, 2024, Mr. Byrne responded by email that he did not know whether or not he would oppose Petitioner's motion but would have to review the motion to take a position on it.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated November 22, 2024, at Los Angeles, California.

*/s/ Christopher Hawthorne*
CHRISTOPHER HAWTHORNE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN BERUMEN,<br><br>    Petitioner,<br><br>    v.<br><br>R. ARIAS, Warden, California State Prison at Calipatria,<br><br>    Respondent. | NO. CV 24-01234-MCS (BFM)<br><br>[PROPOSED] ORDER |

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's motion for a *Rhines* stay is GRANTED;

2. Petitioner must, within thirty (30) days of this order, file a petition in state court attempting to exhaust any unexhausted claims, if he has not already done so; and

3. Petitioner must, within thirty (30) days of a final decision by the state courts on the unexhausted claims, move to reopen this action and lift the stay.

DATED:

                                                     Hon. Brianna F. Mircheff
                                                   United States Magistrate Judge

Presented by:

*/s/ Sean K. Kennedy*
SEAN K. KENNEDY

# PROOF OF SERVICE

I hereby certify that on the 22st day of November, 2024, I served a copy of the foregoing **PETITIONER'S NOTICE OF MOTION AND MOTION FOR A STAY AND ABEYANCE OF FEDERAL PROCEEDINGS PENDING EXHAUSTION OF CLAIMS IN STATE COURT** by first-class U.S. mail and this Court's CM/ECF electronic case filing system, on counsel for Respondent:

Kenneth C. Byrne
CAAG - Office of the Attorney General
California Department of Justice
300 South Spring Street, Suite 1702
Los Angeles, CA 90013

I also electronically filed a copy of the foregoing document with the clerk of the Court, using the CM/ECF system.

*/s/ Christopher Hawthorne*
CHRISTOPHER HAWTHORNE