ROB BONTA
Attorney General of California
LANCE E. WINTERS
Chief Assistant Attorney General
SUSAN SULLIVAN PITHEY
Senior Assistant Attorney General
ANA R. DUARTE
Deputy Attorney General
KENNETH C. BYRNE
Supervising Deputy Attorney General
State Bar No. 117798
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6008
 Fax: (916) 731-2122
 E-mail: DocketingLAAWT@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ADRIAN BERUMEN,** <br><br> Petitioner, <br><br> v. <br><br> **ROBERTO A. ARIAS, Warden,** <br><br> Respondent. | Case No. CV 24-01234-MCS (BFM) <br><br> **OPPOSITION TO PETITIONER'S MOTION FOR STAY; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Judge:   The Honorable Brianna Fuller Mircheff |

Respondent hereby opposes Petitioner's Motion for a Stay and Abeyance of Federal Proceedings Pending Exhaustion of Claim in State Court ("Stay Motion" or "Stay Mot.") on the ground that he has failed to demonstrate good cause for a stay.

///

# ARGUMENT

## PETITIONER'S ALLEGED "REASONABLE CONFUSION" ABOUT WHETHER HE HAD EXHAUSTED GROUND FOUR IN THE CALIFORNIA SUPREME COURT IS INSUFFICIENT TO CONSTITUTE GOOD CAUSE FOR A STAY

Petitioner requests a stay of the proceedings so that he may exhaust Ground Four in the California Supreme Court. *See* Report and Recommendation (Dkt. No. 26) at 11-14 & Order Adopting Magistrate Judge's Report and Recommendation (Dkt. No. 27) at 2. Regarding good cause for a stay, which Respondent respectfully submits is the most important factor to be considered when reviewing a stay request in a federal habeas proceeding,[1] Petitioner asserts that because he believed that he had exhausted Ground Four in the California Supreme Court by virtue of mentioning the juvenile court's alleged denial of his request for a copy of the transcript of the transfer hearing in support of his timeliness argument and his claim in current Ground Three, there was "reasonable confusion" on this point such that a stay is appropriate. Respondent disagrees, as will be set forth below.

### A.   The Applicable Law

The United States Supreme Court has sanctioned the use of "stay and abeyance" procedures "only in *limited circumstances*" when confronted with the problem of a "mixed" federal habeas corpus petition. *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (emphasis added); *see also Mena v. Long*, 813 F.3d 907, 908, 910-11 (9th Cir. 2016) (holding that the *Rhines* stay-and-abey procedure is not limited to mixed petitions, and district court may stay a petition containing only unexhausted claims). Recognizing that the "twin purposes" of the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA") of streamlining and encouraging finality of federal habeas proceedings would be undermined by frequent employment of a "stay and abeyance" procedure, the United States

---

[1] Respondent is not denying that the claim in Ground Four may potentially be meritorious, or that Petitioner has engaged in any intentionally dilatory litigation tactics or that Respondent will be prejudiced by a stay.

Supreme Court prescribed certain conditions that a petitioner must meet in order to justify imposition of a stay. *Rhines v. Weber*, 544 U.S. at 277-78.

First, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. at 277. Second, even where good cause is found, stay and abeyance is only warranted if the claims are not "plainly meritless." *Id*. Third, a stay is inappropriate "if a petitioner engages in abusive litigation tactics *or* intentional delay." *Id*.

The decision whether to grant a petitioner's request to stay proceedings is subject to the district court's discretion. *Rhines v. Weber*, 544 U.S. at 276-79. For example, an abuse of discretion will be found where a stay is granted even though the petitioner's claims are "plainly meritless." *Id*. at 277. On the other hand, denial of a stay where the petitioner has good cause for a failure to exhaust, the claims are "potentially meritorious," and there is "no indication that the petitioner engaged in intentionally dilatory litigation tactics," will constitute an abuse of discretion. *Id*.

The "good cause" requirement "ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). Good cause turns on whether the petitioner can set forth a "reasonable excuse, supported by sufficient evidence, to justify that failure." *Id.* A bald assertion of good cause without evidentiary support is insufficient. *Id.*

In *Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005), the district court explained that with respect to demonstrating the requisite "good cause" under *Rhines v. Weber*, "the relevant inquiry is the petitioner's justification for failing to exhaust his or her claims prior to filing a federal habeas petition." Thus, analogizing to the "cause" required to overcome a procedural default, the court held that a stay is warranted only where a petitioner can show that "his failure to exhaust his claims resulted from an[] external objective factor that cannot fairly

3

be attributed to him." *Id.* (petitioner's arguments that he lacked necessary evidence to support his allegation that a prosecution witness testified falsely and that his appellate counsel failed to raise the unexhausted claims did not establish "good cause" to justify a stay); *see Noble v. Harrison*, 491 F. Supp. 2d 950, 956 (C.D. Cal. 2007); *but see Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210-11 (D. Nev. 2006).[2]

In *Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit held that the petitioner had failed to show cause under *Rhines* as to why he had not exhausted his claim earlier, where he simply alleged that he was under the impression his appellate attorney had previously exhausted it. The court held that accepting such an excuse as good cause would render stay-and-abey orders "routine." *Wooten v. Kirkland*, 540 F.3d at 1024. The Ninth Circuit cautioned that good cause should only be found in "limited circumstances," in order to meet "AEDPA's dual purposes: to reduce delays in executing state and federal criminal sentences and to streamline federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court." *Id.* (citing *Rhines v. Weber*, 544 U.S. at 276-77).

---

[2] *Riner* was wrongly decided and should not be followed. In seeking to distill a good cause standard under *Rhines*, the *Riner* court pointed to the Ninth Circuit's decision in *Jackson v. Roe*, 425 F.3d 654, 656 (9th Cir. 2005), saying that the Ninth Circuit in *Jackson* had "conclude[d] that the cause standard of *Rhines* requires a lesser showing than that for procedural default[]." *See Riner*, 415 F. Supp. 2d at 1210. That observation was simply not accurate. What the Ninth Circuit said in *Jackson* was that the application of an *extraordinary circumstances* standard like that applied in *equitable tolling* situations does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson*, 425 F.3d at 661-62. The standard for procedural default is not "extraordinary circumstances" but rather "cause." *Compare Coleman v. Thompson*, 501 U.S. 722, 753 (1991) ("cause" for procedural default requires a showing that an objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule) *with Holland v. Florida*, 560 U.S. 631, 649 (2010) (a petitioner may be entitled to equitable tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing). Respondent submits that those cases applying a good cause standard under *Rhines* akin to the procedural default standard are correct and should be followed. *See, e.g., Noble*, 491 F. Supp. 2d at 956; *Carter v. Friel*, 415 F. Supp. 2d 1314, 1319 (D. Utah 2006); *Hernandez v. Sullivan*, 397 F. Supp. 2d at 1207.

1	More recently, in *Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2017), the
2	Ninth Circuit found that good cause for a stay existed where the petitioner was not
3	represented by post-conviction counsel in state habeas proceedings and was
4	attempting to exhaust claims of ineffective assistance of trial counsel.[3]

5   **B.    Counsel For Petitioner's Alleged "Reasonable Confusion" Regarding Whether He Had Exhausted Ground Four Fails To
6   Amount To Good Cause Which Warrants A Stay**

7	Here, as noted above, the gist of Petitioner's showing regarding good cause is
8	premised on the fact that he believed that he had exhausted Ground Four in the
9	California Supreme Court by virtue of mentioning the juvenile court's alleged
10	denial of his request for a copy of the transcript of the transfer hearing in support of
11	his timeliness argument and his current claim of ineffective assistance of counsel in
12	Ground Three.  Accordingly, he asserts there was "reasonable confusion" on this
13	point such that a stay is appropriate.  (*See* Stay Mot. at 5.)  He opines that a
14	"petitioner's reasonable confusion . . . will ordinarily constitute 'good cause' for
15	him to file in federal court," citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).
16	He goes on to conclude, that it is, "at the very least, reasonable for [him] to have
17	believed he fairly presented the claim, even if this Court ultimately concluded that
18	[he] failed to exhaust the claim." *Id*.  Respondent disagrees.
19	Petitioner's reliance on *Pace* is misplaced.  In *Pace*, where the issue was
20	timeliness under 28 U.S.C. § 2244(d), and not whether there was uncertainty about
21	whether a claim had been exhausted, the Supreme Court held that a petitioner may
22	file a "protective" federal petition and ask the federal court to stay the federal
23	habeas proceedings until state remedies are exhausted, if there is "reasonable
24	confusion" *about when the federal statute of limitations would expire*.  *Pace v.*
25	*DiGuglielmo*, 544 U.S. at 416 (citing *Rhines v. Weber*, 544 U.S. at 278).

---

[3] *Dixon* is inapplicable here as Petitioner was represented by counsel during the state habeas corpus proceedings.

1    Here, Petitioner was obviously not confused about the date the statute of
2 limitations would expire at the time he filed the instant Petition.  Indeed, his
3 attorneys demonstrated why the Petition was timely in his Opposition to
4 Respondent's Motion to Dismiss the Petition.  (*See* Dkt. No. 20 at 4-6.)
5    Even if *Rhines*'s reference to "reasonable confusion" referred to confusion
6 about whether one or more claims had been exhausted rather than the date the
7 statute of limitations would expire, however, as Petitioner appears to erroneously
8 construe *Rhines*, in this case his attorneys could not have been reasonably confused
9 as to whether Ground Four had been exhausted at the time the instant Petition was
10 filed, as set forth in Respondent's Motion to Dismiss.  (*See* Dkt. No. 18 at 7-11; *see*
11 *also* Report and Recommendation (Dkt. No. 26) at 11-14; Order Adopting
12 Magistrate Judge's Report and Recommendation (Dkt. No. 27) at 1.)
13 Notwithstanding the passing references in his state habeas corpus petition to the
14 juvenile court's alleged refusal to provide him with a copy of the transcript in
15 support of his allegations regarding the timeliness of the petition and his claim set
16 forth in current Ground Three, there plainly was no substantive federal
17 constitutional claim asserted with respect to these allegations, just legal argument
18 regarding why the petition was timely filed under California law.  (*See* Report and
19 Recommendation (Dkt. No. 26) at 13 ["The California Supreme Court would have
20 had no reason to think it was being asked to consider whether the failure to provide
21 the transcript warranted vacatur of the judgment."].)  Those passing references
22 sharply contrasted with the carefully presented assertions supporting the current
23 claims raised in Grounds One through Three.  Each was clearly labeled and asserted
24 a violation of Petitioner's federal constitutional rights.  (*See* Pet. Ex. CC, at 626-28
25 ["Petitioner Received Ineffective Assistance Predicated on Juvenile Counsel's
26 Personal Conflict of Interest"], 628-30 ["Petitioner's Waiver of Conflict-Free
27 Counsel at the Transfer Hearing Was Not Voluntary, Knowing, and Intelligent"],
28

630-34 ["Petitioner Received Ineffective Assistance at the Transfer Hearing Independent of Defense Counsel's Conflict of Interest"].)

Here, unlike the situation contemplated in *Pace*, Petitioner did not face uncertainty regarding whether a state petition would be denied as untimely after he filed his federal petition.

In short, Petitioner has failed to show that his failure to exhaust Ground Four resulted from an "external objective factor that cannot fairly be attributed to him." *See Hernandez v. Sullivan*, 397 F. Supp. 2d at 1207. This case does not presented one of the "limited circumstances" which would support the granting of a stay under *Rhines*. *See Rhines v. Weber*, 544 U.S. 277. Petitioner's request for stay under *Rhines* should therefore be denied.

### C. This Court Should Decline to Exercise Its Inherent Authority to Stay the Petition

Petitioner also notes that federal courts have the inherent authority to stay proceedings separate and apart from *Rhines*. (*See* Stay Mot. at 9-11.) To the extent that he is requesting a stay on this ground as well, Respondent submits that this Court should not do so, given the lack of a sufficient justification for the failure of Petitioner's attorneys to exhaust Ground Four in state court prior to seeking federal relief and the further delay that a stay would necessitate.

After all, Petitioner is challenging the denial of a request he made regarding the transcript at the conclusion of the transfer hearing in juvenile court in 2018, *more than six years ago*. Congress enacted the statute of limitations set forth in 28 U.S.C. § 2244(d) because it wished to accelerate the federal habeas process. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States District Court (Kelly V)*, 163 F.3d 530, 540 (9th Cir. 1998) (en banc). Here, granting a stay,

particularly given the lack of any good cause to grant a stay, would thwart that desire and further delay the resolution of Petitioner's remaining claims.

Accordingly, the Stay Motion should be denied under the Court's inherent power to control its docket.

## CONCLUSION

Therefore, based on the foregoing arguments and authorities, Petitioner's Stay Motion should be denied.

Dated: December 2, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
LANCE E. WINTERS
Chief Assistant Attorney General
SUSAN SULLIVAN PITHEY
Senior Assistant Attorney General
ANA R. DUARTE
Deputy Attorney General

**/s/ KENNETH C. BYRNE**
KENNETH C. BYRNE
Supervising Deputy Attorney General
*Attorneys for Respondent*

LA2024600818
67262390.docx

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Adrian Berumen v. Roberto A. Arias, Warden** | No. | **CV 24-01234-MCS (BFM)** |

I hereby certify that on <u>December 2, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**OPPOSITION TO PETITIONER'S MOTION FOR STAY; MEMORANDUM OF POINTS AND AUTHORITIES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>December 2, 2024</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Rhyzan Croomes
Loyola Law School
919 Albany Street
Los Angeles, CA 90015

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 2, 2024</u>, at Los Angeles, California.

| M. I. Salvador | /s/ M. I. Salvador |
|---|---|
| Declarant | Signature |

LA2024600818
67262754.docx