SEAN K. KENNEDY (SB #145632)
CHRISTOPHER HAWTHORNE (SB # 210578)
JORDAN VELOSA (CLS # 00946755)
Email: sean.kennedy@lls.edu
Center for Juvenile Law and Policy
Loyola Law School
919 Albany Street
Los Angeles, CA 90015
Telephone: (213) 736-8302

Attorney for Petitioner
ADRIAN BERUMEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN BERUMEN,<br><br>        Petitioner,<br><br>    v.<br><br>R. ARIAS, Warden, California State Prison at Calipatria,<br><br>        Respondent. | NO. CV 24-01234-MCS (BFM)<br><br>**PETITIONER'S REPLY IN SUPPORT OF MOTION FOR A STAY AND ABEYANCE OF FEDERAL PROCEEDINGS**<br><br>Honorable Brianna Fuller Mircheff<br>United States Magistrate Judge |

## REPLY IN SUPPORT OF MOTION TO STAY

### I.

### INTRODUCTION

Respondent's opposition to Berumen's request for a *Rhines* stay misinterprets the applicable legal standards. First, Respondent erroneously narrows the scope of *Pace*, failing to recognize that reasonable confusion can constitute good cause beyond mere AEDPA timeliness issues. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Berumen's belief that he had properly exhausted this claim based on his presentation to the California Supreme Court exemplifies such reasonable confusion, warranting a stay. Additionally, Respondent's reliance on AEDPA's timeliness concerns to argue against a stay not only contradicts their previous position on exhaustion but also misapplies AEDPA's principles in this non-capital case. Mr. Berumen has already filed a petition in the California Supreme Court to exhaust this claim. (Ex. A, State Habeas Petition.)

### II.

### ARGUMENT

### A.    Mr. Berumen Has Adequately Shown Good Cause by Arguing Reasonable Confusion.

Respondent asserts that Berumen's reliance on *Pace*, which held that reasonable confusion constitutes good cause, is misplaced. (Opposition at 5–7); *Pace*, 544 U.S. at 416. In *Pace*, the issue was reasonable confusion regarding timeliness under AEDPA's statute of limitations. *Id.* Respondent argues that Berumen is obviously not confused about the statute of limitations, which is correct. (Opposition at 6). However, Berumen is not arguing that the timeliness issues in *Pace* apply here; rather, that *Pace*'s holding that reasonable confusion constitutes good cause applies more broadly than the timeliness issue in that case. *Pace*, 544 U.S. at 416 ("[P]etitioner's reasonable confusion . . . will ordinarily

1

constitute 'good cause.'"). *Pace* is merely an example of when reasonable confusion might constitute good cause, as shown by the Ninth Circuit in *Blake*, where the same portion of *Pace* is quoted as Berumen references it: without the timeliness issue. *Blake v. Baker*, 745 F.3d 977, 982 (2014); *see also Whitley v. Ercole*, 509 F. Supp. 2d 410, 420 (S.D.N.Y. 2007) (holding that Petitioner's reasonable confusion as to whether his counsel had preserved an issue constituted good cause); *see also Straub v. Goodrich*, No. 14-CV-00076-BNB, 2014 WL 4854855, at *4 (D. Colo. Sept. 30, 2014) (holding that reasonable confusion about how to proceed constituted good cause).

Respondent relies on *Wooten*, which held that petitioner failed to show good cause when he was under the impression that his appellate attorney had previously exhausted the claim. *Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008). However, Berumen's case differs from *Wooten* in a crucial aspect: In *Wooten*, the petitioner thought the claim had been raised when it had not been presented at all. *Id.* at 1024. Here, the claim was presented in Berumen's state habeas petition, but this Court determined it was not properly raised and exhausted. As Berumen argues, section 2254(c) requires "only that [petitioners] give state courts a *fair* opportunity to act on their claims," which requires "reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). Berumen did both of those things in his petition before the California Supreme Court.

Even if this Court ultimately disagreed, Mr. Berumen reasonably believed that this claim was raised and exhausted and has shown good cause under *Rhines* for his failure to exhaust the claim previously. *Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014).

2

**B.     AEDPA's Timeliness Concerns Do Not Outweigh the Need for State Court Review in This Case.**

Respondent also argues that the Court should not stay this case because the issue addresses something that happened six years ago, and Congress enacted AEDPA's statute of limitations to accelerate federal habeas proceedings. (Opposition at 7–8.) First, this argument—and Respondent's opposition as a whole—contradicts Respondent's previous argument that Berumen had not exhausted this claim in state court. (Docket No. 18.) The reason district courts may not adjudicate mixed petitions is to "give state courts the first opportunity to decide a petitioner's claims[.]" *Rhines v. Weber*, 544 U.S. 269, 269 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982)). Respondent initially objected that the claim was unexhausted, but now opposes giving the state court a chance to decide it.

Furthermore, pointing out that the transfer hearing happened six years ago is misleading, and ignores that Berumen has been diligently litigating habeas proceedings since before his trial and sentencing. This Court has already recognized that Berumen meets the one-year bar set forth by AEDPA, and Respondent concedes that Berumen has not "engage[d] in any intentionally dilatory litigation tactics[.]" (Docket No. 26 at 11; Opposition at 2, n.1.) Additionally, one of the main reasons SCOTUS gave for limiting *Rhines* stays was to avoid execution. *Rhines*, 544 U.S. at 277–78 ("In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death."). This is not a capital case, thus, that is not a concern.

Respondent's timeliness argument contradicts their previous position on exhaustion, overlooks Berumen's diligent pursuit of habeas relief, and misapplies AEDPA's concerns in a non-capital case. This Court has already found Berumen's

3

petition timely; granting a *Rhines* stay would properly allow state courts the first opportunity to address the claim, as intended by the exhaustion doctrine.

## III.

## CONCLUSION

For the foregoing reasons, Mr. Berumen respectfully requests that the Court grant a stay and abeyance of this action so that he may finish exhausting his unexhausted claim in state court.

.

Respectfully submitted,

DATED:  December 16, 2024                     */s/ Sean K. Kennedy*
_____
SEAN K. KENNEDY

Counsel for Petitioner
ADRIAN BERUMEN

1

2

## **PROOF OF SERVICE**

3       I hereby certify that on the 16th day of December, 2024, I served a copy of

4 the foregoing **PETITIONER'S REPLY IN SUPPORT OF MOTION FOR A**

5 **STAY AND ABEYANCE OF FEDERAL PROCEEDINGS** by first-class U.S.

6 mail and this Court's CM/ECF electronic case filing system, on counsel for

7 Respondent:

8

9 Kenneth C. Byrne

   CAAG - Office of the Attorney General

10 California Department of Justice

   300 South Spring Street, Suite 1702

11 Los Angeles, CA 90013

12

13       I also electronically filed a copy of the foregoing document with the clerk of

14 the Court, using the CM/ECF system.

15

16

17                             */s/ Christopher Hawthorne*

18                             CHRISTOPHER HAWTHORNE

19

20

21

22

23

24

25

26

27

28

6