1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

*In re Adrian Berumen,* **Case No. S288348**
**Filed December 16, 2024**

Supreme Court of California
Jorge E. Navarrete, Clerk and Executive Officer of the Court
Electronically RECEIVED on 12/16/2024 1:07:59 PM

Supreme Court of California
Jorge E. Navarrete, Clerk and Executive Officer of the Court
Electronically FILED on 12/16/2024 by Sean Kennedy, Deputy Clerk

S288348

# IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

In re

ADRIAN BERUMEN,

                    Petitioner,

On Habeas Corpus.

No. _____

**Related Cases:**
California Supreme Court No. S273149
Appeal No.: B316264
Los Angeles County Superior
Court No.: NA095527
Los Angeles Juvenile Court No.:
NJ29158

## PETITION FOR WRIT OF HABEAS CORPUS

SEAN K. KENNEDY (No. 145632)
CHRISTOPHER HAWTHORNE (No. 210578)
JORDAN VELOSA (CLS No. 00946755)
Email: sean.kennedy@lls.edu
Center for Juvenile Law and Policy
Loyola Law School
919 Albany Street
Los Angeles, California 90015
Telephone: (213) 736-8302

Attorneys for Petitioner
**Adrian Berumen**

## I.    INTRODUCTION

Petitioner Adrian Berumen files this "exhaustion petition" in response to the Attorney General's objection that one of the claims in his pending federal habeas corpus petition has not been properly exhausted in state court. The claim that the Attorney General alleges is unexhausted concerns the state court's illegal refusal to give him a free transcript of the transfer hearing that resulted in his transfer from juvenile court to adult court. While Berumen alleged he was improperly deprived of a transcript in his prior habeas corpus petition filed with this Court, the federal court nevertheless found the claim was not exhausted and invited Petitioner to file a motion for stay and abeyance so he could seek to exhaust in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005). Consequently, Berumen concurrently files this exhaustion petition in this Court and motion for a *Rhines* stay in federal court.

## II.    PROCEDURAL HISTORY

On December 2, 2013, after turning himself in, Mr. Berumen, a juvenile, was charged as an adult in Los Angeles Superior Court with attempted murder (Cal. Pen. Code §§ 664, 187), murder (Cal. Pen. Code § 187), and arson (Cal. Pen. Code § 451(a)). Proposition 57 came into effect, which abolished the prosecutor's authority to charge a juvenile as an adult without judicial authorization, and Berumen was certified to juvenile court. After a transfer hearing which resulted in Berumen being transferred back to adult criminal court, his counsel, Matthew P. Fletcher, was relieved as counsel of record. Charles Frisco, Jr. was appointed on February 20, 2019, and on October 12, 2021, he was substituted for pro bono counsel.

2

Berumen filed his first petition for writ of habeas corpus in Los
Angeles County Superior Court on October 29, 2021, prior to his trial.
The petition alleged that Fletcher's representation of Berumen while he
was being prosecuted by the same agency as his client constituted a
conflict of interest that affected the adequacy of his representation, that
Berumen's waiver of conflict free counsel was invalid, and that Fletcher
provided ineffective assistance of counsel at the transfer hearing. (Ex.
N, Trial Court Habeas Petition at 248–50.) The petition was denied on
its merits on November 2, 2021. (Ex. O, Minute Order re: Denial of
Habeas Petition at 273–74.)

Berumen filed a second petition in the California Court of
Appeal on November 11, 2021, raising the same claims and requesting
a stay of the trial proceedings. (Ex. P, California Court of Appeal
Habeas Petition.) After the State filed an informal response (Ex. S,
Attorney General's Informal Response), and Berumen filed an informal
reply, (Ex. U, Court of Appeal Informal Reply), the Court of Appeal
denied the petition as untimely on November 24, 2021. (Ex. V, In re
A.B. on Habeas Corpus Denial.)

Without a stay, Berumen proceeded to trial and entered a
"conditional plea" of guilty to the charge of first-degree murder on
December 23, 2021. (Ex. W at 564–69.) All other charges were
dismissed. (Ex. W at 564.) As a condition of the plea, Berumen retained
the right to appeal the transfer decision. (Ex. W at 564). Berumen's
appeal was subsequently denied by the California Court of Appeal as
untimely. (Ex. BB, Rejection of Notice of Appeal.)

Berumen filed a third habeas petition in this Court on February
14, 2022, raising the same claims as the previous petitions. (Ex. CC,

California Supreme Court Petition.) Berumen additionally argued that the juvenile court's failure to advise him of his right to appeal its transfer decision and refusal to furnish him with a transfer hearing transcript was unlawful and delayed the filing of his petitions. (Ex. CC.) The Court requested an informal response on June 1, 2022. (Ex. DD, CSC Informal Briefing Request.) The Court ultimately denied the petition on April 12, 2023, without stating its reasoning. (Ex. EE, CSC Denial.)

Berumen filed a habeas petition in the United States District Court on February 14, 2024, raising the same claims as the previous petitions. (Ex. FF, Federal Habeas Petition.) On October 1, 2024, Magistrate Judge Mircheff filed a report and recommendation, which Judge Mark Scarsi adopted on October 23, 2024. In that report, Mr. Berumen was ordered to "either dismiss Ground Four or file a proper motion for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005)." (Ex. GG, Report and Recommendation; Ex. HH, Adoption of Report and Recommendation.) On November 22, 2024, Berumen filed a *Rhines* stay to exhaust the claim at issue in this petition—the Juvenile Court's refusal to provide a transcript of Berumen's transfer hearing—to which briefing is still ongoing and a decision is pending. (Ex. II, *Rhines* Stay Petition.)

### III.  INCORPORATION

Berumen hereby incorporates by reference the exhibits filed with this petition. Berumen submitted exhibits A–K with his habeas petition filed in Superior Court on October 28, 2021, exhibits A–O with the habeas petition he filed in the Court of Appeal on November 11, 2021,

and exhibits A–AA with his earlier habeas petition filed in the Supreme Court on February 10, 2022.

## IV.    TIMELINESS

The claim in this petition is timely because it was filed without substantial delay. *In re Reno*, 55 Cal. 4th 428, 460 (2012).

California habeas petitioners must provide all "reasonably available documentary evidence supporting [their] claim." *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). The juvenile court judge thwarted Berumen's ability to comply with *Duvall* by refusing to give Berumen a transcript of the transfer hearing, instead sending him to an adult criminal court that lacked authority to provide a confidential juvenile court transcript. *See* Cal. Welf. & Inst. Code § 827(a)(1)(E); *Cimarusti v. Superior Court*, 79 Cal. App. 4th 799, 803 (2000) ("Juvenile court records may not be disclosed or disseminated except by order of the juvenile court.").

Berumen did not receive a transcript of the transfer hearing until pro bono counsel from Loyola Law School received authorization from the juvenile court and purchased an expedited transcript, which was completed on November 8, 2021. (Ex. L, 5-18-2018 RT at 143.) He has been diligently litigating this habeas ever since.

It would be fundamentally unfair for this Court to deny Berumen's petition based on untimeliness when the very reason for the delay in filing was the juvenile court's improper refused to provide a free transcript. *See, e.g., In the Matter of Arthur N.*, 36 Cal. App. 3d 935, 938 (1974) (authorizing minor to file late appeal because "he was never informed by his attorney, by his probation officer, by the juvenile court judge, or by anyone else at the juvenile court hearings that he had a

right to appeal, to a free transcript on appeal, nor was he told of the
procedure on appeal.").

## V.    JURISDICTIONAL ALLEGATION

Berumen is currently a prisoner of the State of California. He is
unlawfully confined and restrained of his liberty at the California State
Prison–Corcoran in Corcoran, California, pursuant to a conviction and
sentence imposed by the Los Angeles County Superior Court. This
Court has jurisdiction over this matter pursuant to Article VI, § 10 of
the California Constitution. *See People v. Romero*, 8 Cal. 4th 728, 738
(1994).

## VI.    LEGAL STANDARDS

At this stage of the proceedings, the threshold question is simply
whether to issue an Order to Show Cause requiring the State to
respond. *People v. Romero*, 8 Cal. 4th 728, 737–38 (1994). In doing so,
this Court must accept the factual allegations as true and determine
whether they establish a prima facie case for relief. *Id.* at 737 (upon
receipt of habeas petition, the court "must first determine whether the
petition states a prima facie case for relief—that is, whether it states
facts that, if true, entitle petitioner to relief."); *see also In re Rosenkrantz*,
29 Cal. 4th 616, 675 (2002) (habeas court must also accept as true any
factual allegations in the exhibits supporting petition). A petitioner is
not required to prove his claims at the pleading stage. *See In re
Sassounian*, 9 Cal. 4th 535, 546–47 (1995); *People v. Duvall*, 9 Cal. 4th
464, 474–75 (1995). At minimum, this Court should issue an Order to
Show Cause and refer the matter for a hearing, which "afford[s] the
petitioner an opportunity to present evidence in support of the
allegations . . .  [and] institutes a proceeding in which issues of fact are

6

to be framed and decided." *In re Hochberg*, 2 Cal. 3d 870, 875 n.4 (1970)
(disapproved on other grounds, *In re Fields*, 51 Cal. 3d 1063, 1070 n.3
(1990)).

## VII.   STATEMENT OF FACTS

Following the transfer hearing, the Juvenile Court judge ordered
Berumen transferred to adult criminal court. At the conclusion of the
hearing, the judge asked Fletcher if Berumen waived reading of his
appellate rights, which he did not. (Ex. L at 225–26.) Fletcher
recognized there were viable appellate issues and requested a transcript.
*Id.* at 225. The judge denied the requested transcript, incorrectly
advising Fletcher to take the matter up with the adult court judge—who
lacked legal authority to order the transcription and release of
confidential juvenile court proceedings. *Id.* at 226.

## VIII.   CLAIM FOR RELIEF: THE JUVENILE COURT'S REFUSAL TO PROVIDE A TRANSCRIPT OF BERUMEN'S TRANSFER HEARING VIOLATED HIS RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW.

At the conclusion of the transfer hearing, Fletcher requested that
the juvenile court order the preparation of a transcript of the hearing.
The court declined, saying that the transcript "should be dealt with in
the adult court." (Ex. L at 226). Because of the juvenile court's refusal,
Berumen, an indigent defendant, was unable to obtain a transcript of
his transfer hearing until pro bono counsel purchased an expedited
transcript using personal funds in October of 2021, more than three
years after the hearing occurred.

7

It is well established that "the State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners." *Britt v. North Carolina*, 404 U.S. 226, 227 (1971). Accordingly, "the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Id.*; *see also Griffin v. Illinois*, 351 U.S. 12, 19 (1956) ("Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts."); *see also People v. Hosner*, 15 Cal.3d 60, 70 (1975) ("We are of the opinion that the erroneous denial of an indigent defendant's motion for a free transcript of a prior trial requires automatic reversal"). In the post-conviction context, indigent defendants must be afforded the same access to transcripts as defendants who have money to pay for them. *Lane v. Brown*, 372 U.S. 477, 484 (1963).

The juvenile court's statement that the provision of a transcript "should be dealt with in adult court" was contrary to California law. In fact, the juvenile court was required to provide Berumen with a transcript of the hearing at his attorney's request, while the adult court had no authority to order the production of coidentity juvenile transcripts. Cal. Welf. & Inst. Code § 677. Ordinarily the cost of preparing the transcript would be borne by the party requesting it, but Berumen, as an indigent defendant, was entitled to receive a free transcript under equal protection principles. At the time of the juvenile court's initial refusal, the transcript was essential to any effort to seek appellate review of the court's transfer decision, an effort that Berumen wanted to pursue. Later, the transcript was equally vital to Berumen's

8

efforts to win relief on habeas corpus in state court because California requires s habeas petitioner to provide all "reasonably available documentary evidence supporting [his] claim." *People v. Duvall*, 9 Cal.4th 464, 474 (1995). By denying Berumen access to the transcript of his transfer hearing, the court prevented him from fully pursuing appellate and collateral review.

The state's complete failure to provide an indigent defendant with a necessary transcript is structural error. *See Roberts v. LaVallee*, 389 U.S. 40, 43 (1967) (granting habeas relief and failing to adopt the dissent's suggestion that harmless error analysis should be conducted where the state refused to provide an indigent defendant with a transcript of a preliminary hearing); *see also Kennedy v. Lockyer*, 379 F.3d 1041, 1053 (9th Cir. 2004) ("Where the state completely fails to provide an indigent defendant with a transcript of a mistrial for use in connection with a second trial, we would likely find a structural error, requiring automatic reversal."). Here, the state denied Berumen a transcript of his transfer hearing until his attorney paid out of pocket to have one provided more than three years later. By that time, the window in which Berumen could seek direct appellate review of the juvenile court's decision had long expired, and his efforts at collateral relief fell afoul of California's timeliness requirements. (Ex. V). Because Berumen was deprived of the "basic tools of an adequate defense," *Britt*, 404 U.S. at 227, he is entitled to relief.

## IX.    CONCLUSION

For the foregoing reasons, the court should grant the requested habeas relief because the state court deprived Berumen of Due Process when it refused to give him a free transcript of his transfer hearing so

that he could appeal the order transferring him from juvenile court to adult prosecution.

Respectfully submitted,

DATED: December 13, 2024    _____

**SEAN K. KENNEDY**

## X.     PRAYER FOR RELIEF

WHEREFORE, Berumen respectfully requests that this Court:

1.     Order Respondent to show cause why Berumen is not entitled to the relief sought;

2.     Issue a Write of Habeas Corpus to have Berumen brought to this Court so he might be relieved of his unconstitutional adult conviction;

3.     Permit Berumen, an indigent defendant, to proceed without prepayment of costs and fees and grant him authority to obtain subpoenas in forma pauperis for witnesses and documents to further prove the facts alleged herein;

4.     Grant Berumen the right to conduct discovery, including the right to take depositions, request admissions, and propound interrogatories, as well as the means to preserve the testimony of witnesses;

5.     Order an evidentiary hearing at which time further proof may be offered concerning each of the allegations in the Petition;

6.     After full consideration of the issue raised in this Petition, order that Berumen be granted relief from his adult conviction and that he be returned to Juvenile Court within a reasonable amount of time; Grant Berumen such further relief as is appropriate and just in the interests of justice.


DATED: December 13, 2024

**SEAN K. KENNEDY**

## XI.    VERIFICATION

I, Sean K. Kennedy, declare as follows:

1.     I am the Executive director of the Center for Juvenile Law and Policy at Loyola Law School, which provides pro bono representation for indigent juveniles. I am an attorney admitted to practice law in the State of California. I represent Adrian Berumen in this California habeas corpus case.

2.     I have read the foregoing Petition for Writ of Habeas Corpus and declare that the facts alleged are true to the best of my knowledge based upon my representation of Berumen in the lower courts, as well as my reading of what I know to be true copied of documents in this action.

3.     I am authorized by Berumen to file this Petition for Writ of Habeas Corpus. I make this verification because Berumen is incarcerated and lacks access to all of the documents and materials relevant to this Petition, and because the truth and accuracy of the facts contained in this Petition are more within my knowledge than his.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed on December 13, 2024 at Los Angeles, California.


**SEAN K. KENNEDY**

## XII.   CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared on a computer using Microsoft Word, and that, according to that program, this document contains 2,727 words.


**SEAN K. KENNEDY**

13

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

2. My business address is Center for Juvenile Law and Policy, Loyola Law School, 919 Albany Street, Los Angeles, CA 90015.

3. I served a copy of the following documents in *People v. Adrian Berumen*, NA095527-01: VERIFIED HABEAS PETITION; EXHIBITS through the Court's TrueFiling system, and by enclosing them in an envelope and playing the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On that same date that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in a sealed envelope with postage fully prepaid.

4. The envelope was addressed and mailed as follows:

>       Tammy L. Campbell
>       California State Prison-Corcoran
>       P. O. Box 8800, Corcoran
>       CA 93212-8309
>       Telephone No. 559-992-8800
>
>       Los Angeles County District Attorney Appellate Division
>       320 W. Temple Street,
>       Room 540
>       Los Angeles, CA 90012
>       Telephone No. 213-217-5104
>       truefiling@da.lacounty.gov

14

Hon. Laura Laesecke, Judge
Gov. Deukmejian Courthouse, Dept S19
275 Magnolia Ave
Long Beach, CA 90802
Telephone No. 562-256-1502
skinoshita@lacourt.org

Office of the Attorney General
300 South Spring Street
Los Angeles, CA 90013-1230
AGElectronicService@doj.ca.gov

Mr. Adrian Berumen
CDCR No. BU1415
California State Prison, Corcoran, Facility 3A
P.O. Box 3461
Corcoran, CA 93212

Executed on December 13, 2024 at Los Angeles, California

5. I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

DATED: December 13, 2024 _____

**CHRISTOPHER HAWTHORNE**

15